UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DISH NETWORK, LLC, ECHOSTAR TECHNOLIGIES, L.L.C. and NAGRASTAR, L.L.C.,**<br><br>PLAINTIFFS<br><br>v.<br><br>**CHARLES K. CARILLO, d/b/a www.dssboxes.com, d/b/a www.urbanautoaccessories.com, d/b/a www.nfusion.ws, d/b/a www.neusat.info, d/b/a www.coolsat.net, d/b/a www.unmodifiedcableboxes.com and d//b/a www.ccelectronix.com and CRISTOPHER CARILLO, d/b/a www.worldwidefta.com, d/b/a www.wholesalesatellitereceivers.com, d/b/a, www.conaxsat.net d/b/a www.unmodifiedsatellitereceivers.com and d/b/a www.dssboxes.com and TEQUESTA ENTERPRISES, LLC.**<br><br>DEFENDANTS | 3:09cv1428 (SRU) |

## JUDGMENT

The Plaintiffs, having filed their First Amended Complaint, demanding certain relief, as appears more fully in their prayer for relief contained therein; the Plaintiffs and Defendants having agreed upon a basis for the adjudication of the matters alleged in the Complaint and for the entry of a judgment in this Action against the Defendant based upon a stipulation, the original of which is filed with the Court, and after due deliberation being had thereon, it is:

**ORDERED, ADJUDGED AND DECREED**, that final Judgment in favor of the Plaintiffs and against the Defendants, Charles K. Carillo, Cristopher Carillo and Tequesta

Enterprises, LLC, is hereby granted and ordered and entered as follows:

I. That pursuant to Title 47 U.S.C. § 605(e)(3) and pursuant to Count III of the Plaintiffs' First Amended Complaint Judgment shall enter against the Defendants, jointly and severely, in the amount of $500,000.00 for the Defendants' violations of 47 U.S.C. § 605(e)(4). The Court finds that this amount is reasonable pursuant to Title 47 U.S.C. § 605(e)(3) which provides for a minimum of $10,000 in statutory damages for each piracy device manufactured and/or modified and/or sold and/or distributed.

II. The **Defendants** will be entitled to the satisfaction as to the *monetary* elements of the $500,000 judgment after December 31, 2012 if they:

1. cooperate with the **Plaintiffs,** giving truthful, complete, accurate statements or giving truthful, complete, accurate testimony as to any of the **Plaintiffs'** investigations and/or litigation regarding satellite piracy, without the **Plaintiffs** having to resort to summons or subpoena keeping confidential all of the information they may learn or they may give the Plaintiffs pursuant to this cooperation obligation;

2. pay $100,000 to the Plaintiffs with the Defendants paying the Plaintiffs: the sum of **$33,000.00 on or before January 15, 2010; $33,000.00 on or before December 31, 2010** and the sum of **$34,000.00 on or December 31, 2011;**

3. Transfer the domain names of all websites associated with the Defendants as referenced in the Amended complaint to the Plaintiffs within 30 days of the judgment in this action; **and**

4. fully abide by the terms of the injunction set forth below.

1. That pursuant to Title 47 U.S.C.§ 605(B)(i) and pursuant to Count III of the Plaintiffs' First

Amended Complaint a Permanent Injunction may enter against the Defendants, their employees and all other persons acting or claiming to act on their behalf or under Defendants' direction or authority, and all persons acting in concert or in participation with Defendants are hereby

**ENJOINED** from:

1. Manufacturing, importing, offering to the public, providing, modifying, selling or otherwise trafficking in *any* FTA technology whether the devices in question are modified or unmodified and *any* technology for use in *any* type of key sharing scheme sometimes referred to as IKS, EKS, or SKS whether the devices in question are modified or unmodified

2. Manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any so called "Free to Air" (FTA) receivers, internet-enabled FTA receivers, dongle-adapted FTA receivers that have been modified without authorization, any DISH Network satellite pirating device *regardless of form*, including pirate software, or any other technology, product, service, device, component, or part thereof, that:

    a. is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's smart cards or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

    b. has only limited commercially significant purpose or use other than to circumvent DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

    c. is knowingly marketed by Defendants and/or others acting in concert with them for use in circumventing DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

1. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any FTA receiver or internet-enabled FTA receiver or dongle-adapted FTA receiver that has been modified without authorization or any other electronic, mechanical, or other devices, including FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers that have been programmed with pirate software, the design of which renders them *primarily useful* for the purpose of the unauthorized interception of DISH Network's signals.

2. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any DISH Network satellite pirating device *regardless of form*, including pirate software, or any other technology, product, service, device, component, or part thereof, that is *primarily useful* for the purpose of the

unauthorized interception of DISH Network's signals.

3. Assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means any type of FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers, where the Defendants or those acting with the Defendants are:

   a. programming the FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers with modified FTA/IKS software or other piracy software before distribution to the receiver customers; and/or

   b. distributing, in any manner, modified FTA/IKS software or other piracy software to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers, including but not limited to distributing the modified FTA/IKS software or other piracy software by e-mail attachments or distributing the modified FTA/IKS software or other piracy software by delivering the software contained on a software holding device; and/or

   c. directing, in any way, the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to piracy websites, piracy forums, and/or piracy chat rooms where the modified FTA/IKS software or other piracy software is available (pirate websites);

   d. utilizing third parties such as so-called "installers" to effectuate having the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers' receiver ultimately

   programmed with modified FTA/IKS software or other piracy software;

4. Subsidizing pirate websites, including subsidizing the pirate websites through advertising on the pirate websites;

5. Utilizing website hyperlinks back and forth between any websites operated or controlled by Defendants and the piracy websites;

6. Selling or distributing peripheral devices which are of assistance to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to effectuate the unauthorized interception of DISH Network signals, including but not limited to, an 8PSK board; this device is designed to effectuate the receipt of Dish Network's signals in a high-definition mode and satellite dish antennas which are designed to receive premium channel satellite signals as opposed to true FTA signals.

7. Operating the websites www.dssboxes.com, www.urbanautoaccessories.com, www.nfusion.ws, www.neusat.info, www.coolsat.net., www.unmodifiedcableboxes.com, www.ccelectronix.com, www.worldwidefta.com, www.wholesalesatellitereceivers.com, www.conaxsat.net, and www.unmodifiedsatellitereceivers.com.

8. Operating any website they control or operate in any manner such that the operation would violate other terms of the injunctive relief set forth herein.

9. Engaging in any activity which would violate the terms of the injunctive relief set forth herein while utilizing websites not in the Defendants' control, including but not limited to, such websites as EBay and Craigslist.

IV. The Court finds that that the terms of this injunction are reasonable and justifiable pursuant

      to Title 47 U.S.C. § 605(B)(i) which provides that the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section." and in light of the stipulations made by the Defendants the permanent injunction is also reasonable and justifiable when the court considers the equitable considerations allowing for the issuance of a permanent injunction pursuant to Fed. R. Civ. P. 65.

V.    The Court finds that that the judgment amount is reasonable pursuant to Title 47 U.S.C. § 605(e)(3) which provides for a minimum of $10,000 in statutory damages for *each* piracy device manufactured and/or modified and/or sold and/or distributed.

VI.    The Court finds that that the $500,000 judgment amount is non-dischargeable in bankruptcy proceedings pursuant to provisions of Title 11 USC § 523(a)(6) in that the Defendants' actions amounted to a willful and malicious damage as to the Plaintiffs' property.

VII.    Post-judgment interest shall accrue on the stipulated judgment amount pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

      Dated at Bridgeport, Connecticut this 1st day of February 2010.

                                                /s/ Stefan R. Underhill
                                                    Stefan R. Underhill
                                                    United States District Judge